```
IN THE UNITED STATES DISTRICT COURT FOR THE
         EASTERN DISTRICT OF OKLAHOMA
```

DELORES L. VICTORY,            )
                               )
        Plaintiff,             )
                               )
v.                             )    Case No. CIV-13-465-JHP-KEW
                               )
CAROLYN W. COLVIN, Acting      )
Commissioner of Social         )
Security Administration,       )
                               )
        Defendant.             )

## REPORT AND RECOMMENDATION

Plaintiff Delores L. Victory (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on January 11, 1973 and was 37 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as a cook, cashier, stocker, waitress, and nurse's aide. Claimant alleges an inability to work beginning September 1, 2007 due to limitations resulting

3

from anxiety, panic attacks, concentration and mental problems, low energy, and pain and swelling in the left knee.

**Procedural History**

On November 10, 2008, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. An administrative hearing was conducted by Administrative Law Judge Michael Kirkpatrick ("ALJ") on April 29, 2010. The ALJ issued an unfavorable decision on May 24, 2010. On June 23, 2011, the Appeals Council denied review. Claimant appealed the decision and this Court reversed and remanded the case on September 28, 2012.

On remand from the Appeals Council, an additional administrative hearing was conducted by ALJ James Bentley on June 6, 2013. On June 14, 2013, the ALJ issued another unfavorable decision. Through inaction, the decision became final for appellate purposes. 20 C.F.R. § 404.984.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform full range of work at

4

all exertional levels with some non-exertional limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to identify all of Claimant's severe impairments at step two; (2) failing to find Claimant's impairments met one or more of the listings; (3) reaching an improper and unsupported RFC; and (4) finding Claimant could perform the jobs identified at step five.

## Identifying Claimant's Severe Impairments

In his decision, the ALJ determined Claimant suffered from the severe impairments of psychotic disorder, adjustment disorder, major depressive disorder, methamphetamine abuse, cannabis abuse, and status post left ankle fracture. (Tr. 301). He concluded that Claimant retained the RFC to perform a full range of work at all exertional levels with the non-exertional limitations of only occasional use of left foot controls. The ALJ found additional restrictions that, due to psychologically based factors, Claimant was able to perform simple tasks with routine supervision, could have only occasional contact with co-workers and supervisors, and could have no work related contact with the public. (Tr. 305-06). After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of laundry worker, cleaner, and housekeeping cleaner, all of which the vocational

5

expert testified existed in sufficient numbers in the regional and national economies. (Tr. 315). Based upon these findings, the ALJ concluded Claimant was not disabled from November 10, 2008 through the date of the decision. (Tr. 316).

Claimant contends the ALJ failed to identify all of her severe impairments. Specifically, Claimant asserts the ALJ should have identified her panic attacks as a severe mental impairment. Where an ALJ finds at least one "severe" impairment, a failure to designate another impairment as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps considers the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. Brescia v. Astrue, 287 F. App'x 626, 628-629 (10th Cir. 2008). The failure to find that additional impairments are also severe is not cause for reversal so long as the ALJ, in determining Claimant's RFC, considers the effects "of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'" Id. quoting Hill v. Astrue, 289 F. App'x. 289, 291-292, (10th Cir. 2008).

Moreover, the burden of showing a severe impairment is "de minimis," yet "the mere presence of a condition is not sufficient

to make a step-two [severity] showing." Flaherty v. Astrue, 515 F.3d 1067, 1070-71 (10th Cir. 2007) quoting Williamson v. Barnhart, 350 F.3d 1097, 1100 (10th Cir. 2003); Soc. Sec. R. 85-28. At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

A claimant's testimony alone is insufficient to establish a severe impairment. The requirements clearly provide:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted

7

as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.

42 U.S.C.A. § 423(d)(5)(A).

The functional limitations must be marked and severe that can be expected to result in death or to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(1)(C)(i); 20 C.F.R. § 416.927(a)(1).

The ALJ did not disregard Claimant's panic attacks in his decision. He noted that Claimant reported panic attacks, anxiety, depression and trouble sleeping at night at an April 14, 2009 psychiatric assessment by Dr. M. May. (Tr. 301). He also acknowledged Dr. May believed she was presenting with the express purpose of obtaining approval of disability benefits. Id. The ALJ also recited Claimant's diagnoses of panic disorder with agoraphobia by Dr. Todd Graybill in February of 2009, Dr. Diane Brandmiller in September of 2011, and Dr. Wojciech L. Dulowski in a consultative examination in September of 2011. (Tr. 308). The ALJ also gave "great weight" to the opinion of Dr. Ron Cummings who analyzed Claimant's mental limitations for purposes of determining whether she met a listing. (Tr. 312-13). Dr. Cummings prepared a Psychiatric Review Technique form on Claimant and assessed whether she met Listing 12.03 for psychotic disorders and Listing 12.06 for

anxiety-related disorders. (Tr. 637). In evaluating Claimant under this latter listing, Dr. Cummings noted Claimant suffered from recurrent severe panic attacks and found she suffered from a medically determinable impairment of panic disorder with agoraphobia. (Tr. 642). As a result of his assessment, Dr. Cummings found Claimant was moderately limited in the areas of restriction of activities of daily living, difficulties in maintaining social functioning, and difficulties in maintaining concentration, persistence, or pace. (Tr. 647). The ALJ incorporated Dr. Cummings' limitations into his findings in his decision. (Tr. 304-05). Based upon the ALJ's findings and his inclusion of limitations associated with the panic attacks with agoraphobia diagnosis, this Court cannot find the express adoption of the condition as a severe impairment constituted reversible error.

## Listings

Claimant contends she met Listing 12.03, 12.04, and 12.06. The ALJ is required to follow the procedure for determining mental impairments provided by regulation. 20 C.F.R. §§ 404.1520a, 416.920a; *See*, Listing of Impairments. The procedure must be followed for the evaluation to be considered valid. <u>Andrade v. Sec. of Health & Human Services</u>, 985 F.2d 1045, 1048 (10th Cir. 1993). The ALJ must first determine whether there are medical findings of mental impairment especially relevant to the ability to

work found in Part A of the Listing of Impairments. 20 C.F.R. §§ 404.1520a(b)(2), 416.920a(b)(2). Additionally, Claimant must show he satisfies two of the following required restrictions: (1) marked restriction in activities of daily living; or (2) marked difficulties in maintaining social functioning; or (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00C, 12.04. The ALJ must then either evaluate the degree of functional loss resulting from the impairment, using the Part B criteria, or examine the special criteria set forth in the listings for evaluating the severity of particular impairments.

Claimant cites to several references in the record to what she characterizes as "marked, or even extreme, limitations in her social functioning" with violent episodes. (Tr. 212, 224, 270, 277, 621, 624, 626-27, 685). However, each of these references are attributed to Claimant's subjective claims and not any objective medical finding by a mental health professional. "[T]he ALJ must determine that the "medical findings" are at least equal in severity and duration as those in the listed findings. 20 C.F.R. § 404.1526(a). "Medical findings" include symptoms (the claimant's own description of his impairments), signs (observations of anatomical, physiological and psychological abnormalities which are shown by clinical diagnostic techniques) and laboratory findings.

10

20 C.F.R. § 404.1528 (1986). However, the claimant's descriptions, alone, are not enough to establish a physical or mental impairment. Id. at § 404.1528(a)." Bernal v. Bowen, 851 F.2d 297, 300 (10th Cir. 1988). Claimant's subjective are not sufficient to establish the requirements under the listings. The primary objective evidence relied upon Dr. Cummings findings of moderate limitations only. (Tr. 304-05). The record being devoid of medical findings supporting the listings' required restrictions, this Court cannot find error in the ALJ's step three findings.

**RFC Determination**

Claimant contends the ALJ's RFC assessment failed to incorporate all of her limitations. As a subset of this argument, Claimant argues the ALJ failed to adequately develop the record. While he ordered a consultative psychological evaluation, Claimant asserts the ALJ erred by not obtaining a medical source statement from the consultative examiner, Dr. Brandmiller.

Certainly, the regulations generally require that the adjudicators request medical source statements from acceptable medical sources with their reports. Soc. Sec. R. 96-5p. However, nothing in the regulations require the reversal and remand of a case because such statements were not obtained. Indeed, the regulations expressly state that "the absence of such a statement in a consultative examination report will not make the report incomplete." 20 C.F.R. § 416.919n(c)(6); *see also* 20 C.F.R. §§

404.1513(b)(6), 416.913(b)(6); Branam v. Barnhart, 385 F.3d 1268, 1273 (10th Cir. 2004). Therefore, the failure of the ALJ to obtain a statement from Dr. Brandmiller does not constitute reversible error.

Claimant next asserts the ALJ improperly found she could have occasional contact with co-workers or supervisors. Claimant reported to Dr. Brandmiller that she got along all right with co-workers unless they got into her personal space. She also reported that she usually got along all right with supervisors if they left her alone, stating "I don't like nobody talking to me constantly." (Tr. 625). The ALJ's limitation to only occasional contact with co-workers or supervisors was appropriate. (Tr. 306).

Claimant in her litany of sub-issues states the ALJ improperly rejected the opinion of a "treating source", Beverly Bargar, a mental health counselor at Bill Willis Mental Health Center. On April 21, 2010, Ms. Bargar authored a "to whom it may concern" letter in which she stated Claimant suffered from anxiety disorder and major depressive disorder. She then opines that Claimant's symptoms "make it almost impossible for her to be in or work with the public. Along with the anxiety and depression, one of her symptoms is paranoia." (Tr. 283). Ms. Bargar also completed an RFC form evaluating Claimant's mental status. She determined Claimant was markedly limited in all 35 out of 40 functional areas listed on the form. (Tr. 284-85).

12

The ALJ explained the basis for giving Ms. Bargar's opinion "little weight." He stated Ms. Bargar provided no supporting treatment notes, her opinion was not supported by other medical professionals and the records at Bill Willis, had registered relatively high GAF scores, so long as she was not using illicit drugs or alcohol, and responded to medication. (Tr. 312). The ALJ also cited to Dr. Brandmiller's assessment which did not support the level of functional limitation urged by Ms. Bargar. Id. The ALJ stated he applied the factors established by the Tenth Circuit in Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). This Court finds no error in the ALJ's assessment of Ms. Bargar's opinion.

Claimant also finds fault in the ALJ's assessment of her credibility. The ALJ found Claimant's subjective statements of limitation in functionality to be "not completely credible." (Tr. 307). It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of

13

the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

The ALJ proceeded through a thorough examination of the medical evaluations by the various professionals providing consultative opinions on Claimant's mental functioning. (Tr. 307-09). These opinions provided ample evidence upon which the ALJ based his decision on Claimant's credibility. This Court finds no error in his credibility assessment.

### Step Five Analysis

Claimant contends the ALJ's hypothetical questioning of the vocational expert upon which to base his step five findings did not include all of her mental limitations. Additionally, a vocational expert's testimony can provide a proper basis for an ALJ's determination where the claimant's impairments are reflected

14

adequately in the hypothetical inquiries to the expert. <u>Gay v. Sullivan</u>, 986 F.2d 1336, 1341 (10th Cir. 1993). However, "'[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision.'" <u>Hargis v. Sullivan</u>, 945 F.2d 1482, 1492 (10th Cir. 1991) quoting <u>Ekeland v. Bowen</u>, 899 F.2d 719, 724 (8th Cir. 1990). The ALJ's questioning accurately reflected Claimant's limitations. (Tr. 357-61).

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 16th day of March, 2015.

                                                _____
                                                KIMBERLY E. WEST
                                                UNITED STATES MAGISTRATE JUDGE